**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4348**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BRIAN LAFLAME,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Roger  W.  Titus,  District  Judge.
(8:12-cr-00486-RWT-1)

Submitted:  September 17, 2013    Decided:  September 26, 2013

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Appellate
Attorney, Baltimore, Maryland, for Appellant. Hollis Raphael
Weisman, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian LaFlame was convicted by a magistrate judge of fleeing to elude a police officer, in violation of Md. Code Ann., Transp. § 21-904 (LexisNexis 2009), and interfering with agency functions, in violation of 36 C.F.R. § 2.32(a)(1) (2013). He was sentenced to 12 months' probation, community service, and a driver improvement program. LaFlame appealed to the district court, and the court affirmed the criminal judgment.

LaFlame now appeals the district court's order affirming that judgment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether (1) the magistrate judge erred in denying LaFlame's suppression motion, (2) LaFlame's convictions are not supported by sufficient evidence, and (3) LaFlame's sentence is unreasonable. LaFlame was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

A district court reviewing a bench trial conducted by a magistrate judge "utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005); see Fed. R. Crim. P. 58(g)(2)(D). In turn, our

2

"review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." Bursey, 416 F.3d at 305-06.

In considering the denial of a suppression motion, we review the district court's legal determinations de novo and its factual findings for clear error. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). "[W]e view the facts in the light most favorable to the Government, as the party prevailing below." United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). We also must defer to the trial court's credibility findings, as it is that court's role "to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Griffin, 589 F.3d 148, 150-51 n.1 (4th Cir. 2009) (internal quotation marks omitted).

"[A] traffic stop, whether based on probable cause or reasonable suspicion," must be reviewed "under the standard set forth in Terry v. Ohio, 392 U.S. 1 . . . (1968)." United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). Under this standard, the police officer's decision to stop the vehicle must be "justified at its inception," and "the police officer's subsequent actions [must be] reasonably related in scope to the circumstances that justified the stop." Id.

"[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic

3

violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). A traffic stop also is constitutionally permissible when the officer has a reasonable suspicion, based on specific and articulable facts, to believe that "criminal activity may be afoot." See Terry, 392 U.S. at 30. Thus, a Fourth Amendment violation occurs where "there is neither probable cause to believe nor reasonable suspicion that the car is being driven contrary to the laws governing the operation of motor vehicles or that either the car or any of its occupants is subject to seizure or detention in connection with the violation of any other applicable law." Delaware v. Prouse, 440 U.S. 648, 650 (1979). Whether probable cause or reasonable suspicion exists to justify a traffic stop is determined by viewing the evidence under the totality of the circumstances. United States v. Sowards, 690 F.3d 583, 588 (4th Cir. 2012) (probable cause); United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011) (reasonable suspicion).

Our review of the record indicates that the magistrate judge properly denied LaFlame's suppression motion. The initial stop of LaFlame's vehicle was supported by reasonable suspicion that LaFlame was driving while intoxicated. See, e.g., Amundsen v. Jones, 533 F.3d 1192, 1198-99 (10th Cir. 2008) (collecting cases); Gaddis ex rel. Gaddis v. Redford Twp., 364 F.3d 763, 771 (6th Cir. 2004) (finding reasonable suspicion

4

where defendant "weaved twice to the left to touch the dividing line in a fairly short span" and "was leaning over to the right inside his car"); United States v. Ozbirn, 189 F.3d 1194, 1199 (10th Cir. 1999) (finding reasonable suspicion when defendant's motor home "drift[ed] onto the shoulder twice within a quarter mile without any adverse circumstances like road or weather conditions to excuse or explain the deviation"); United States v. Harris, 928 F.2d 1113, 1116 (11th Cir. 1991) (finding reasonable suspicion when driver "weaved across the emergency lane twice" and officer's testimony suggested stop to investigate drunk driving was not pretextual). LaFlame provided further justification for the stop by failing to respond to the officer's visual and audible signals to pull over, supporting probable cause to believe LaFlame was committing the violation of fleeing to elude. Moreover, the record provides no grounds to conclude that the traffic stop was unreasonably extended beyond the initial justification for the stop. See United States v. Branch, 537 F.3d 328, 335-37 (4th Cir. 2008) (addressing circumstances in which extending traffic stop beyond investigating initial offense is justified). We therefore discern no Fourth Amendment violation on the facts presented.

Next, we review de novo the sufficiency of the evidence to support LaFlame's convictions. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). In evaluating this

5

question, we must determine whether, viewing the evidence in the light most favorable to the government and accepting the factfinder's credibility determinations, the verdict is supported by "[s]ubstantial evidence," that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 133 S. Ct. 179 (2012). Our review of the record demonstrates that the trial testimony, taken in the light most favorable to the government, provided ample support for LaFlame's convictions. See Md. Code Ann., Transp. § 21-904(a)-(c) (elements of flee to elude offense); 36 C.F.R. § 2.32(a)(1) (elements of interfering with agency functions); United States v. Bucher, 375 F.3d 929, 932 (9th Cir. 2004) (defining "interference" under § 2.32(a)(1)); United States v. Willfong, 274 F.3d 1297, 1303 (9th Cir. 2001) (proof of active resistance sufficient for § 2.32(a)(1)).

Finally, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v.

6

United States, 552 U.S. 38, 41 (2007). We must first ensure that the sentencing judge committed no "significant procedural error," including "failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks, alterations, and footnote omitted). If we find the sentence procedurally reasonable, we must consider its substantive reasonableness — that is, "whether the [sentencing judge] abused his discretion in determining that the § 3553(a) factors supported the sentence." United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011) (internal quotation marks and alteration omitted).

The Guidelines do not apply to the sentencing of petty offenses. See U.S. Sentencing Guidelines Manual § 1B1.9 (2011). "In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(b)(1) (2006).

Here, the magistrate judge considered the parties' arguments and gave a detailed explanation for the sentence imposed. The judge considered the relevant § 3553(a) factors, including the nature and seriousness of the offense, LaFlame's inability to pay a fine and lack of criminal record, and the

7

available sentencing options.  Moreover, the court did not abuse its discretion in concluding that these factors supported the sentence imposed.  We therefore conclude LaFlame's sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm LaFlame's conviction and sentence.  This court requires that counsel inform LaFlame, in writing, of the right to petition the Supreme Court of the United States for further review.  If LaFlame requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on LaFlame.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>